IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DEQUINCY SMITH**  **PLAINTIFF**
**ADC #177416**

v.  No: 4:22-cv-00465 LPR-PSH

**AHMARI CAFFEY,** *et al.*  **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff DeQuincy Smith, an inmate at the Maximum Security Unit of the Arkansas Division of Correction (ADC), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on May 18, 2022 (Doc. No. 2). Smith was subsequently granted leave to proceed *in forma pauperis* ("IFP") and directed to file an amended complaint to clarify his claims (Doc. No. 6). Because Smith raised multiple claims against

multiple defendants based on separate incidents, he was instructed to amend his complaint to describe only one factually related incident or issue. *Id.* Smith was also instructed to specifically describe how each defendant violated his constitutional rights. *Id.* Smith was cautioned that an amended complaint would render his original complaint without legal effect and that only claims properly set out in the amended complaint would be allowed to proceed.[1] *Id.*

On June 28, 2022, Smith filed an amended complaint comprised of various pages from his original complaint and his application to proceed IFP (Doc. No. 8). Because Smith's amended complaint did not comply with the Court's prior Order, the Court allowed Smith another opportunity to clarify his claims in accordance with the Court's June 9, 2022 Order (Doc. No. 9). Smith was warned that if he did not comply, the undersigned might recommend the dismissal of some or all of his claims. *Id.* Smith has not filed another amended complaint, and the time to do so has passed. The Court has screened his most recent amended complaint and recommends that his claims be dismissed for failure to state a claim upon which relief may be granted, as further described below.

---

[1] It is "well-established" that subsequent complaints supersede prior complaints and render preceding complaints "without legal effect." *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right,

privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. In his amended complaint, Smith identifies 12 defendants with a short description of each defendant's actions. Doc. No. 8 at 1-3. His statement of claim reads: "Being assaulted by ADC Maximum Security staff in hand cuff in [sic] a rat in my food." *Id.* at 11. He provides no details about the assault, the rat in his food, or how these two incidents are factually related.

In his list of defendants, Smith states that Sergeant Ahmari Caffey "served tray with dead rat inside." Doc. No. 8 at 1. However, he provides no further details about this incident.[2] The facts asserted against Caffey are conclusory and do not allege that Caffey intentionally placed a rat in Smith's food, knew the rat was there, or was otherwise deliberately indifferent to a substantial risk of harm to Smith.[3] Accordingly, Smith's claims against Caffey should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[2] Even if the Court considers Smith's original complaint (which has been superseded by his amended complaint) and the documents attached to it, Smith does not allege that Caffey intentionally placed the rat in his food or was aware of it. He states that Caffey refused to allow him to speak with the shift supervisor afterwards and refused to write a "005 about the situation." Doc. No. 2 at 6 & 13.

[3] To prevail on an Eighth Amendment conditions of confinement claim, a prisoner must show (1) the alleged deprivation was, "objectively, sufficiently serious," and resulted "in the denial of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825, 834 (1970). The length of time a prisoner is exposed to unsanitary conditions is relevant to the Court's analysis as is the extent of the unclean conditions. *See Owens v. Scott County Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003).

Smith identifies Property Sergeant Karma Thorn, Corporal Cadijah Jackson, and Captain James Gardner as the defendants who assaulted him, but he provides no other details about this alleged attack.[4] Doc. No. 8 at 2-3 & 11. He does not state where and when the claimed attack occurred or what precipitated it, nor does he identify the nature of the claimed attack. "Whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the 'core judicial inquiry' is whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Jones v. Shields*, 207 F.3d 491, 495 (8th Cir. 2000) (quoting *Hudson v. McMillian,* 503 U.S. 1, 6–7). *See also Whitley v. Albers*, 475 U.S. 312, 322 (1986) (holding that, in an excessive force case, there must be "a reliable inference of wantonness," and not "a mere dispute over the reasonableness of particular use of force or the existence of arguably superior alternatives"). Smith's conclusory allegation that he was assaulted while handcuffed is insufficient to state a claim of excessive force; accordingly, Smith's assault claim should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

---

[4] Again, even if the Court considers Smith's original complaint and the documents attached to it, the only additional information is the date of the alleged assault, February 28, 2022, and Smith's allegation that Thorn injured his neck. Doc. No. 2 at 7, 15-16 & 24. One grievance dated February 28, 2022, is not legible. *Id.* at 18.

Finally, Smith's claims against the remaining defendants are also subject to dismissal because he has not described how they were involved with either incident about which Smith complains. A defendant may not be held liable under § 1983 unless he was personally involved in or had direct responsibility for the constitutional violation. *See Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (internal quotations and citations omitted). And to state a cognizable claim against a defendant in a supervisory role, an inmate must allege that the defendant was personally involved in the constitutional violation or became aware of the constitutional violation and, with deliberate indifference, failed to take corrective action. *See, e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993).

For these reasons, the Court recommends that Smith's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Smith's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation or the accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 26th day of September, 2022.

_____
UNITED STATES MAGISTRATE JUDGE